ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM. *
This disciplinary matter arises from two consolidated sets of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Stephen C. Landry. The charges allege several violations of the Rules of Professional Conduct, specifically, Rules 1.1(a) (failure to provide competent representation), Rule 1.3 (failure to represent client with diligence), 1.4(a) (failure to keep client informed of status of case), Rule 1.5(a)(c)(charging an unreasonable fee), Rule 8.1 (failure to cooperate), as well as a violation of Supreme Court Rule XIX, § 19A (failure to comply with a court-ordered support obligation).
UNDERLYING FACTS
The first set of formal charges, docket no. 97-DB-037, involves two counts. In the first count, the ODC alleges John Michel retained respondent to represent him in connection with a criminal matter, paying respondent the sum of $600. After the initial consultation, respondent failed to communicate with his client or take any actions on his behalf. Respondent failed to account for the fee and refused to return any unearned fee.
The second count alleges that during respondent’s deposition in connection with the Michel matter, respondent acknowledged he was ineligible to practice due to his failure to meet his mandatory continuing legal education (“MCLE”) requirements. Although respondent represented he would rectify the deficiencies, he failed to do so. Respondent also acknowledged he had problems with alcohol abuse, and expressed a willingness to participate in the Lawyer’s Assistance Program. However, he failed to communicate with the program.
The second set of formal charges, docket no. 97-DB-080, also involves two counts. The first count alleges that respondent was retained in 1997 to represent Joyce Ann Gag-non in a ^divorce proceeding. Although respondent charged a $450 fee in advance, he *834 failed to take any action on behalf of his client or to communicate with her.
In the second count, the ODC alleges that respondent failed to pay child support ar-rearages and was found in contempt of court for his failure to do so. Relying on Supreme Court Rule XIX, § 19A,[1] the ODC exercised its right to file disciplinary proceedings for respondent’s failure to comply with his support obligation.
DISCIPLINARY PROCEEDINGS
On May 23, 1997, the ODC filed formal charges in 97-DB-037. Several months later, on November 24, 1997, the ODC filed formal charges in 97-DB-080. The charges were submitted to two separate hearing committees. Respondent did not file an answer to either set of charges, and they were considered by the hearing committees on documentary evidence alone, without a formal hearing.

Hearing Committee Recommendations

97-DB-037

The committee reviewed the evidence in the record, including respondent’s deposition taken during the ODC’s investigation, and concluded both counts were proven by clear and convincing evidence. With regard to the second count, the committee noted that respondent made several misrepresentations to the ODC. He indicated that he did not practice while ineligible, but later admitted to representing a client while ineligible. Additionally, he stated he would become current on his MCLE requirements within sixty days of the date of his deposition, but failed to do so.
On the issue of sanctions, the committee observed that the rules which respondent violated would not in and of themselves justify a severe sanction. However, the committee expressed concern with respondent’s “total indifference to his obligations as an attorney both to the |3public and the profession in general.” It noted respondent’s actions caused actual harm to Mr. Michel, since respondent failed to refund his unearned fee. Further, it made a finding of fact that respondent represented a substantial danger to the public if he were permitted to continue practicing law, especially in light of his admitted substance abuse problems.
The committee recognized seven aggravating factors: (1) dishonest or selfish motive; (2) pattern of misconduct; (3) multiple offenses; (4) bad faith obstruction of the disciplinary procedure by failure to cooperate; (5) vulnerability of the victim, who was facing the serious charge of third or fourth offense DWI; (6) substantial experience in the practice of law, since respondent was admitted to practice in 1984; and (7) indifference to restitution. The only mitigating factor the committee found was lack of prior discipline; however, it noted respondent had been held ineligible to practice on ten occasions between 1987-1998 for failure to comply with MCLE requirements or failure to pay bar dues.
After considering these factors, the committee concluded the only appropriate sanction for respondent’s misconduct was disbarment.

97-DB-080

The hearing committee in this matter found both counts of the formal charges were proven. The committee was cognizant of the recommendation of the hearing committee in 97-DB-037, and found that committee’s reasoning was equally applicable to the matter before it. Accordingly, it also recommended respondent be disbarred.

Disciplinary Board Recommendation

The charges in 97-DB-037 and 97-DB-080 were consolidated before the disciplinary board. The board concurred in the findings of both hearing committees that respondent was guilty of the misconduct set forth in both sets of formal charges, and that the charges had been proven by clear and convincing *835 evidence. The board adopted the aggravating factors found by the hearing committee in 97-DB-037. However, the board assigned no weight to the mitigating factor of no prior discipline due to respondent’s numerous ine-ligibilities. Based on its review of the record, the board concluded disbarment was the appropriate sanction:
^Respondent has demonstrated a total lack of concern for his duties, rights and responsibilities as a lawyer and for the damage he has inflicted on his clients and the legal system. In addition, Respondent has demonstrated total indifference to his responsibilities as a father. Respondent has not indicated any interest in retaining his license to practice law. In light of this combined with the aggravating circumstances, the Disciplinary Board recommended that Respondent, Stephen C. Landry, be disbarred from the practice of law.
Neither respondent nor the ODC have filed objections in this court to the recommendation of the disciplinary board.
DISCUSSION
As the hearing committee pointed out, the charges against respondent might not ordinarily justify disbarment. However, respondent’s actions when taken as a whole demonstrate a total disregard for his professional and personal responsibilities. These actions, when combined with respondent’s admitted substance abuse problem, indicates respondent poses a substantial danger to the public. Under these circumstances, the disciplinary board’s recommendation of disbarment is appropriate.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is the decision of the court that the name of Stephen C. Landry be stricken from the bar rolls and that his license to practice law in the State of Louisiana be revoked. All costs in this matter are assessed against respondent, with legal interest to commence thirty days from the date of the finality of this court’s judgment until paid,

 Calogero, C.J. not on panel. Rule IV, Part II, § 3.

. Supreme Court Rule XIX, § 19A provides in pertinent part:
Upon receipt of [a judgment or order indicating noncompliance with an order of support], this court may summarily declare the attorney-obligor ineligible to practice law and may also order that disciplinary proceedings be instituted in accordance with Section 11 of these rules-